# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| **Emery F. Williams III,** | ) | **CASE NO. 1: 23 CV 1355** |
| | ) | |
| Plaintiff, | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| v. | ) | |
| | ) | **Memorandum of Opinion and Order** |
| **Judge Howard H. Harcha,** | ) | |
| | ) | |
| | ) | |
| Defendant. | ) | |

## Background

*Pro se* plaintiff Emery F. Williams, an Ohio prisoner incarcerated in the Grafton Correctional Institution, has filed a prisoner civil rights complaint in this case against Scioto County Court of Common Pleas Judge Howard H. Harcha. (Doc. No. 1.) Plaintiff's one-page form complaint sets forth no specific factual allegations or legal claims and requests no specific relief. He merely states on the civil cover sheet he filed with his complaint that he is "unlawfully imprisoned in Ohio." (Doc. No. 1-1.) The website of the Ohio Department of Rehabilitation and Correction indicates that plaintiff is serving a sentence for drug convictions imposed on him in 2020 in the Scioto County Court of Common Pleas.

## Standard of Review and Discussion

Under 28 U.S.C. § 1915A, district courts are expressly required to review and to dismiss as soon as practicable after docketing any "complaint in a civil case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" that is

frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a)(b).

The Court finds that plaintiff's complaint must be dismissed in accordance with § 1915A.

To state a claim upon which relief may be granted, a complaint must set forth sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals under § 1915A). Plaintiff's sole, and purely conclusory, assertion on his civil cover sheet that he is "unlawfully imprisoned" fails to meet basic pleading requirements and is insufficient to state any plausible civil rights claim upon which he may be grated relief in federal court. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief).

Further, a civil rights action under 42 U.S.C. § 1983 as plaintiff brings here is not the appropriate mechanism for a person in state custody to challenge the legality of a conviction or sentence. "The proper vehicle to challenge a conviction is through the state's appellate procedure and, if that fails, habeas relief under 28 U.S.C. 2254." *Jackim v. City of Brooklyn*, No. 1:05-CV-1678, 2010 WL 4923492, at *4 (N.D. Ohio Nov. 29, 2010) (citation omitted). Plaintiff's complaint fails to state a plausible federal civil rights claim to the extent he is seeking to have his criminal conviction or sentence vacated or set aside. Where a state prisoner is challenging the very fact or duration of his physical imprisonment and the relief he seeks is immediate or a speedier release, his sole federal remedy is a petition for writ of habeas corpus. *Preiser v.*

*Rodriguez*, 411 U.S. 475, 500 (1973).

And even to the extent plaintiff may be seeking other relief, any civil rights claims he purports to assert are non-cognizable under the Supreme Court's decision in *Heck v. Humphrey*, 512 U.S. 477 (1994). *Heck* held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486-87.

Plaintiff's sparse pleading indicates that he seeks to challenge the validity of his state conviction or imprisonment, but nothing in his complaint suggests that his conviction or sentence has been invalidated or called into question in any way as articulated in *Heck*. Accordingly, his civil rights complaint is subject to dismissal for this reason as well. *See, e.g., Wheat v. Ohio*, 23 Fed. Appx. 441, 443 (6th Cir. 2001) (affirming dismissal of § 1983 prisoner complaint where prisoner's claims were "essentially a collateral attack" upon his state criminal convictions for rape and gross sexual imposition, and he did not contend that his convictions had been reversed, overturned, or questioned by either an Ohio state court or a federal court's issuance of a writ of habeas corpus).

## Conclusion

For all of the foregoing reasons, plaintiff's complaint fails to state a plausible claim upon which he may be granted relief and is dismissed pursuant to 28 U.S.C. § 1915A. The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3), that an appeal from this decision could not

be taken in good faith.

    IT IS SO ORDERED.

                                          /s/ Patricia A. Gaughan  
                                         PATRICIA A. GAUGHAN  
                                         United States District Judge

Dated: 9/11/23